UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REBECA FAJARDO**,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**THE CITY OF EL CENTRO, a municipal corporation; TERI BROWNLEE, an individual; JIM MCGINLEY, an individual; EDDIE MADUENO, an individual; MIKE CRANKSHAW, an individual; JEFF MASON, an individual; MARIO SANABRIA, an individual; ALVARO RAMIREZ, an individual; JOHN SEAMAN, an individual; ROBERT SAWYER, an individual; and DOES 1 through 50, inclusive**.<br><br>　　　　　　　　　　Defendants. | CASE NO. 12-CV-1521-GPC-(PCL)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR DOCUMENTS** |

## **I.  INTRODUCTION**

Pursuant to the Court's <u>Pitchess</u> Procedures, Steven J. Lowery, attorney for the Defendants', submitted to the Court several documents identified as complaints/investigations[1] for an in camera review. The documents are number stamped Doc. No. 0497 through Doc. No. 0957.

---

[1] These documents were in response to a discovery request for citizen complaints, internal complaints, internal affairs investigations, prior conduct of sexual harassment and/or gender discrimination, with regard to the following Defendants: Sergeant Robert Sawyer, Sergeant Mario Sanabria and Sergeant John Seaman.

1     Plaintiff's attorney argues that the documents sought are material to the lawsuit
2 arising from gender discrimination, sexual harassment, denial of due process, retaliation,
3 civil rights violations, failure to compensate Plaintiff for overtime pay and violations of
4 the Police Officer Bill of Rights.  Defendants argue that the material requested is not
5 relevant to Plaintiff's lawsuit and claims right-of-privacy privilege.
6     The Court, after a thorough review of the submitted documents, finds that all
7 documents submitted are irrelevant to the claims at issue.

## II. DISCUSSION

9     Federal Rules of Civil Procedure, Rule 26(b), provides that any non-privileged
10 material that is relevant to a party's claim or defense is discoverable. To be discoverable,
11 the information does not have to be admissible; it needs to be relevant information that
12 appears to be reasonable calculated to lead to the discovery of admissible evidence. Fed.
13 R. Civ. P. 26(b)(1).  Moreover, "Federal Courts ordinarily recognize a constitutionally-
14 based right of privacy that can be raised in response to discovery requests." Soto v. City
15 of Concord, 162 F.R.D. 603, 616 (N.D. Cal. July 17, 1995).  "Resolution of a privacy
16 objection ... requires a balancing of the need for the information sought against the
17 privacy right asserted." Id.
18     In this instance, the Court finds that the documents reviewed did not contain any
19 information remotely relating to sexual harassment, discrimination and did not
20 demonstrate a negative implication for truthfulness and veracity. Furthermore, the Court
21 finds that the submitted documents are not relevant to the claims of denial of due process,
22 retaliation, violation of civil rights, failure to compensate or violations to the Police
23 Officer Bill of Rights.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III.  CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's request for discovery of Doc. No. 0497 through Doc. No. 0957.

**IT IS SO ORDERED**.

DATED: December 10, 2013

Peter C. Lewis
United States Magistrate Judge